# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE PHILLIPS MEMORIAL ) | |
| MEDICAL CENTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-232-TCK-FHM |
| ) | |
| MICHAEL P. GIOVAN, M.D., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Jane Phillips Memorial Medical Center, Inc.'s Motion to Stay Discovery (Doc. 48), wherein Plaintiff seeks a stay of all discovery pending the Court's ruling on two motions: (1) Plaintiff's Motion to Dismiss Certain Counterclaims and Strike Affirmative Defenses ("MTD") (Doc. 21); and (2) Defendant's Motion for Summary Judgment ("MSJ") (Doc. 30). Plaintiff argues that staying discovery is in the interest of judicial economy because resolution of these motions could eliminate claims and/or significantly narrow the issues upon which discovery is necessary. Defendant objects to any stay, arguing that Plaintiff overstates the judicial efficiency gained by a stay and that Defendant desires to proceed expeditiously in conducting discovery on his counterclaims.

"It is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion . . . ." *Samson Res. Co. v. J. Aron & Co.*, No. 08-CV-752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009). However, this Court does not routinely grant such requests absent a compelling reason. *See TSM Assoc., LLC v. Tractor Supply Co.*, No. 08–CV–230–JHP–FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) (McCarthy, J.) ("Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests."). Relevant factors include (1) the plaintiff's interests in proceeding expeditiously with the

civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Stephenson Oil Co. v. Citgo Petroleum Corp.*, No. 08-CV-380-TCK-SAJ, 2008 WL 5412816, at * 2 (N.D. Okla. Dec. 30, 2008).

The Court finds compelling reasons to stay discovery. First, in its MTD, Plaintiff seeks to dismiss/strike all of Defendant's counterclaims and defenses that are based on implied covenants in the parties' agreement. If granted, this would obviate the need for resolution of two pending discovery disputes regarding infection control issues at Plaintiff's facility, which, according to Defendant, violated implied covenants in the agreement. Second, Defendant elected to file the MSJ prior to the close of discovery and prior to the dispositive motion deadline, presumably in order to receive early adjudication of the claims against him. Defendant's early filing of his MSJ indicates his belief that important questions can be resolved in his favor without significant discovery.[1] Further, Defendant recently sought leave to join a third party ("Motion to Join") (Doc. 52) and to file a second motion for summary judgment (Doc. 57). Because both parties have raised issues early in the litigation that will impact the scope of the lawsuit, a stay of discovery pending resolution of these early-filed motions is in the interest of judicial economy and the interests of third parties who may be subject to subpoenas. Any burden on Defendant's ability to expeditiously pursue discovery on its counterclaims is outweighed by other factors.

Plaintiff's Motion to Stay Discovery (Doc. 48) is GRANTED, and all discovery is STAYED pending further Order of the Court. The current scheduling order (Doc. 20) is STRICKEN, except as

---

[1] If the Court cannot resolve the MSJ based on the briefs or concludes that additional discovery is necessary to permit fair resolution of that motion, the Court may revisit this ruling at that time.

to the deadline for motions to join or amend, which expired on June 30, 2017. The Court will enter a new Scheduling Order in its discretion at a later time. Plaintiff's Motion for Hearing on the Motion to Stay (Doc. 56) is DENIED.

**SO ORDERED this 6th day of July, 2017**.

**TERENCE KERN**
**United States District Judge**